## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA,
### CHARLESTON DIVISION

**APRIL NUCKLES, formerly known**
**as April Olson,**

      **Plaintiff,**

**v.**

**Civil Action No.:** ___2:26-cv-00227___

**Judge:** _____

**LOANCARE, LLC, LAKEVIEW**
**LOAN SERVICING, LLC, and**
**NAZANIN MAGNAZI d/b/a BG**
**SOLUTIONS,**

      **Defendants.**

### NOTICE OF REMOVAL

Defendants, LoanCare, LLC ("LoanCare"), Lakeview Loan Servicing, LLC ("Lakeview") (collectively "Defendants"), by and through counsel, filed this "*Notice of Removal*," pursuant to the provisions of 28 U.S.C. §§ 1331, 1332, 1441 and 1446, to remove the case styled "*April Nuckles formerly known as April Olson v. LoanCare, LLC et al.*, Civil Action No. 2026-C-253, pending in the Circuit Court of Kanawha County, West Virginia." In further support of this removal, Defendants state as follows:

### I.    BACKGROUND

1.    The above-named Plaintiff, April Nuckles, formerly known as April Olson ("Nuckles" or "Plaintiff"), filed a complaint against Defendants in the Kanawha County Circuit Court, Case No. CC-20-2026-C-253 (the "State Court Action").

2.    On February 27, 2026, Plaintiff served Lakeview via service upon the West Virginia Secretary of State, who in turned provided a copy of the Summons and Complaint to

Lakeview's registered agent Corporation Service Company and Lakeview received a copy shortly thereafter.

3.    On February 27, 2026, Plaintiff served LoanCare via service upon the West Virginia Secretary of State, who in turn provided a copy of the Summons and Complaint to Lakeview's registered agent C.T. Corporation System and LoanCare received a copy shortly thereafter.

4.    On February 25, 2027, Plaintiff attempted service on Nazanin Magnazi d/b/a BG Solutions ("BG Solutions") through the West Virginia Secretary of State at 1400 West Olympic Boulevard, Suite 200, Los Angeles, California 90064  by sending a copy of the Summons and Complaint, but the aforementioned address is inaccurate pursuant to the United States Postal Service.  A copy of the USPS Tracking Information is attached as "**Exhibit A.**"

5.    Accordingly, BG Solutions has yet to be served and its joinder in this action is not proper as the allegations against BG Solutions have zero bearing on the allegations made against Defendants.

6.    The Complaint asserts several state common law and statutory claims against Defendants including breach of contract, alleged violations of the West Virginia Consumer Credit and Protection Act (the "WVCCPA") and tortious interference with contract.  In an effort to establish the alleged violations of the WVCCPA, Plaintiff relies upon Federal Regulations issued by the United States Department of Agriculture ("USDA") Rural Housing Service ("RHS"). Specifically, Plaintiff attempts to impute federal regulations for evaluating loss mitigation options on her "Single Family Housing Guaranteed Loan Program" purportedly backed and regulated by the federal government.

7.      Removal is proper under 28 U.S.C. § 1441 where the Court has original subject matter jurisdiction of the action. This Court has original jurisdiction under both federal question and diversity jurisdiction because (a) Plaintiff's claims against Defendants purportedly arise under federal law and/or regulations issued by the USDA and/or RHS, and (b) this is a civil action between citizens of different states and the amount-in-controversy requirement is satisfied. *See* 28 U.S.C. §§ 1331 and 1332(a).

## II.    **PROCEDURAL PROVISIONS OF THE REMOVAL STATUTE**

8.      Pursuant to 28 U.S.C. § 1446(a) and Local Rule of Civil Procedure 3.4(b), Defendants are attaching a copy of the state court docket to this Notice as "**Exhibit B.**" Defendants are also attaching copies of all pleadings, process and orders served on it as "**Exhibit C.**"

9.      Pursuant to 28 U.S.C. § 1446(b), this Notice is timely filed within thirty (30) days of Defendants' receipt, through service or otherwise, of a copy of the Complaint.

10.     No further proceedings have occurred with regards to the Complaint. Defendants have not filed an answer or any other responsive pleading to the Complaint, and have not made any appearance, argument or request for relief before the Kanawha County Circuit Court with respect to the Complaint.

11.     Pursuant to § 1446(d), Defendants are filing contemporaneously herewith a Notice of Filing Notice of Removal with the Clerk of the Kanawha County Circuit Court, informing the state court and Plaintiff that the state court lawsuit is being removed. A non-duplicate copy of the State Court Notice of Removal to Federal Court is attached hereto as "**Exhibit D.**"

12.     Venue is proper in this Court as this is the Court for the district and division embracing the place where the action is pending in state court. 28 U.S.C. §§ 129(b), 1441(a) and 1446(a); L.R. Civ. P. 77.2.

## III.    THIS COURT HAS FEDERAL QUESTION JURISDICTION

13.    This action may be removed to this Court under § 1441 because, as explained fully below, the Complaint presents a question of federal law.

14.    Federal district courts "have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

15.    The "settled interpretation of these words" is "that a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

16.    "The federal nature of the controversy 'must be determined from what necessarily appears in the plaintiff's statement of his own claim' unassisted by the anticipation of 'defenses which it is thought the defendant may interpose.'" *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 10 (1983) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76 (1914)).

17.    In determining whether a plaintiff's claim arises under federal law, we apply the well-pleaded complaint rule, which holds that courts "ordinarily . . . look no further than the plaintiff's [properly pleaded] complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331." *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996); *see also Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005).

18.    Thus, in examining the complaint, the first step is to "discern whether federal or state law creates the cause of action." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

19.     Here, this Court has jurisdiction because Plaintiff's allegations "arise" under the laws and promulgated regulations of the United States. The Complaint asserts that Defendants failed to comply with USDA and RHS regulations with respect to providing Plaintiff with an acceptable loan modification. (Compl. at ¶¶ 1, 3, 27). In fact, the entirety of Plaintiff's claims, purportedly arising under the WVCCPA, are wholly based upon the alleged regulations and perceived obligations to provide Plaintiff with an acceptable loan modification.

20.     Further, under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the state law claim alleged in Plaintiff's Complaint, because such claim arises out of the same set of facts, and is part of the same case and controversy, as the claim over which the Court has original jurisdiction.

## IV.     <u>THIS COURT ALSO HAS DIVERSITY JURISDICTION</u>

21.     District courts also have original jurisdiction for "all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a).

22.     Plaintiff is a resident of Kanawha County, West Virginia. (Compl. ¶ 2).

23.     LoanCare is a limited liability company organized under the laws of the Commonwealth of Virginia. The sole Member of LoanCare is ServiceLink NLS, LLC. ServiceLink NLS, LLC is a limited liability company organized and existing under the laws of the State of Nevada. The sole member of ServiceLink NLS, LLC is ServiceLink Holdings, LLC. ServiceLink Holdings, LLC is a limited liability company organized and existing under the laws of the State of Nevada. The sole member of ServiceLink Holdings, LLC is ServiceLink Holdings, Inc. which is a Nevada corporation. LoanCare is, and was at the time this action was filed, a loan servicer with its principal place of business located at 3637 Sentara Way, Virginia Beach, Virginia,

23452. Compl., ¶ 3. Accordingly, LoanCare is now and was at all relevant times a citizen of Virginia for the purposes of determining diversity under 28 U.S.C. § 1332(c)(1). LoanCare is not considered a citizen of the State of West Virginia for the purpose of diversity jurisdiction.

24. Lakeview is a Delaware limited liability company, whose parent company is LLS Holdings, LLC. LLS Holdings, LLC is a Florida limited liability company who is wholly owned by Bayview MSR Opportunity (US) Master Fund, L.P. Bayview MSR Opportunity (US) Master Fund, L.P. is a limited partnership organized and existing under the laws of the State of Delaware. Lakeview is, and was at the time this action was filed, a loan servicer with its principle place of business located at 4425 Ponce De Leon Boulevard, 5th Floor, Coral Gables, Florida 33146. Compl., ¶ 4. Accordingly, Lakeview is now and was at all relevant times a citizen of Florida for the purposes of determining diversity under 28 U.S.C. § 1332(c)(1). Lakeview is not considered a citizen of the State of West Virginia for the purpose of diversity jurisdiction.

25. Nazanin Mazgani d/b/a BG Solutions is a California lawyer and or entity with its principal office located at 1400 West Olympic Boulevard, Suite 200, Los Angeles, California 90064. Compl., § 5. Accordingly, BG Solutions is a citizen of California for the purposes of determining diversity under 28 U.S.C. § 1332(c)(1).

26. "Generally, 'the sum quoted by the plaintiff' in good faith controls the amount in controversy." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).

27. To determine the amount in controversy where no specific dollar amount demand is contained in the complaint, this Court should consider:

> the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court

> to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed.

*McDerment v. Synchrony Bank*, No. 2:24-cv-00508, 2024 U.S. Dist. Lexis 225202, at *7 (S.D. W. Va. Dec. 12, 2024) (citation omitted).

28.     While Plaintiff avoids explicitly putting a value on her claims against Defendants in the Complaint, she seeks actual damages, punitive damages, court costs and attorneys' fees as well as potential damages related to the foreclosure and sale of the residence.

29.     At the time of this Notice, the unpaid balance on Plaintiff's loan exceeds $152,618.51. *See* Compl. ¶ 8.

30.     Therefore, the amount in controversy in the instant case, more likely than not, exceeds the sum of $75,000.00 exclusive of interest and costs. *See Smith v. Direct Gen. Ins. Agency, Inc.*, Civil Action No. 5:24-cv-00438, 2024 U.S. Dist. LEXIS 200431, at *7 (S.D. W. Va. Nov. 4, 2024) (*applying preponderance of the evidence standard to a removing defendant's burden to satisfy the amount in controversy requirement*).

31.     Thus, this Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Defendants as well as BG Solutions are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

32.     BG Solutions has not been served at the time this Notice of Removal was filed. However, upon information and belief, Defendants believe that BG Solutions would consent to said removal.  Alternatively, Defendants assert that the joinder of BG Solutions is improper as the claims against BG Solutions do not arise out of the same facts and is, therefore, not part of the same case or controversy.

## V.    RETENTION OF RIGHTS

33.    Defendants submit this Notice of Removal without waiving any defenses, claims, objections, procedural rights, exceptions or obligations that may exist in its favor in either West Virginia state court or federal court.

34.    Furthermore, in making any of the allegations in this Notice of Removal or any of its exhibits, Defendants do not concede in any way that the allegations in the Complaint are accurate, that Plaintiff has asserted claims upon which relief can be granted, that her claims are timely, or that recovery of any of the amounts sought is authorized or appropriate.

**WHEREFORE**, Defendants respectfully request this Court exercise jurisdiction over this Action.

**LOANCARE, LLC and LAKEVIEW LOAN SERVICING, LLC,**

*/Matthew L. Ward/*
By Counsel

Matthew L. Ward, W.Va. Bar 11903
Dinsmore & Shohl LLP
611 Third Avenue
Huntington, West Virginia 25701
Telephone:    (304) 691-8475
Facsimile:    (304) 522-4312
matthew.ward@dinsmore.com
    *Counsel for Defendants, LoanCare, LLC*
    *and Lakeview Loan Servicing, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA,
CHARLESTON DIVISION**

**APRIL NUCKLES, formerly known
as April Olson,**

        **Plaintiff,**

**v.**

                                        **Civil Action No.:** _2:26-cv-00227_

                                        **Judge:** _____

**LOANCARE, LLC, LAKEVIEW
LOAN SERVICING, LLC, and
NAZANIN MAGNAZI d/b/a BG
SOLUTIONS,**

        **Defendants.**

## CERTIFICATE OF SERVICE

The undersigned counsel does hereby certify that the foregoing *"Notice of Removal"* was

served upon the following on March 27, 2026:

Bren J. Pomponio
Mountain State Justice
1217 Quarrier Street
Charleston, WV 25301
bren@msjlaw.org

                                      */s/ Matthew L. Ward*
                                      Matthew L. Ward, W.Va. Bar 11903