

West Virginia E-Filing Notice

CC-20-2026-C-253

Judge: Kenneth Ballard

**To:** Bren Pomponio
bren@msjlaw.org

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
April Nuckles v. LoanCare, LLC
CC-20-2026-C-253

The following complaintwas FILED on 2/25/2026 11:02:58 AM

Notice Date:     2/25/2026 11:02:58 AM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440



EXHIBIT

tabbies®

C

# COVER SHEET



E-FILED | 2/25/2026 11:02 AM
CC-20-2026-C-253
Kanawha County Circuit Clerk
Cathy S. Gatson

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF KANAWHA COUNTY WEST VIRGINIA
**April Nuckles v. LoanCare, LLC**

**First Plaintiff:** ☐Business ☑Individual ☐Government ☐Other

**First Defendant:** ☑Business ☐Individual ☐Government ☐Other

**Judge:** Kenneth Ballard

## COMPLAINT INFORMATION

**Case Type:** Civil        **Complaint Type:** Other

**Origin:** ☑Initial Filing    ☐Appeal from Municipal Court   ☐Appeal from Magistrate Court

**Jury Trial Requested:** ☑Yes ☐No    **Case will be ready for trial by:** _____

**Mediation Requested:** ☑Yes ☐No

**Substantial Hardship Requested:** ☐Yes ☑No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

   ☐ Wheelchair accessible hearing room and other facilities

   ☐ Interpreter or other auxiliary aid for the hearing impaired

   ☐ Reader or other auxiliary aid for the visually impaired

   ☐ Spokesperson or other auxiliary aid for the speech impaired

   ☐ Other:

☐ I am proceeding without an attorney

☑ I have an attorney: Bren Pomponio, 1217 QUARRIER ST , CHARLESTON, WV 25301

## SERVED PARTIES

**Name:** LoanCare, LLC

**Address:** c/o CT Corporation System 5098 Washington St. W, Ste 407, Charleston WV 25313

**Days to Answer:** 30      **Type of Service:** Secretary of State - Certified - Including Copy Fee

---

**Name:** Lakeview Loan Servicing, LLC

**Address:** c/o Corporation Service Company 808 Greenbrier Street, Charleston WV 25311

**Days to Answer:** 30      **Type of Service:** Secretary of State - Certified - Including Copy Fee

---

**Name:** Nazanin Magnazi d/b/a BG Solutions

**Address:** 1400 West Olympic Blvd., Ste. 200, Los Angeles CA 90064

**Days to Answer:** 30      **Type of Service:** Secretary of State - Certified - Including Copy Fee



E-FILED | 2/25/2026 11:02 AM
CC-20-2026-C-253
Kanawha County Circuit Clerk
Cathy S. Gatson

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

APRIL NUCKLES, formerly known
as April Olson,

       Plaintiff,

v.                                        Civil Action No. _____

LOANCARE, LLC, LAKEVIEW
LOAN SERVICING, LLC, and
NAZANIN MAGNAZI, d/b/a BG
SOLUTIONS,

       Defendants.

## COMPLAINT

### INTRODUCTION

1.     This case involves loan servicer abuse wherein the Defendant LoanCare, LLC, the servicer of the Plaintiff's home mortgage loan, engaged in illegal and abusive loan servicing, including failing to evaluate Plaintiff for all loss mitigation options for which she was eligible, failing to provide notice of denials of loss mitigation options, needlessly and inappropriately prolonging loss mitigation review, and then pursing foreclosure on the Plaintiff's home. This case involves a special mortgage loan designed for low-income home buyers offered through the United States Department of Agriculture ("USDA") Rural Housing Service ("RHS"). Servicers like LoanCare are directed by the Rural Development agency of the USDA to utilize foreclosure alternatives to the fullest extent possible when servicing loans that have defaulted or that are in imminent danger of default. This case is an example of LoanCare's gross mismanagement of a loan program specially designed to foster home retention for borrowers who have a willingness and ability to maintain affordable payments after falling on hard times. The Plaintiff brings this action to save her home and for other appropriate relief.

1

## PARTIES

2.  Plaintiff April Nuckles, formerly known as April Olson, is a single mother working as head cook at Ruthlawn Elementary School. She lives with her two children at 4573 Chestnut Road, South Charleston, Kanawha County, West Virginia 25309.

3.  Defendant LoanCare, LLC ("LoanCare") is a company registered to do business in West Virginia with its principal place of business at 3637 Sentara Way, Virginia Beach, Virginia, 23452. On information and belief, LoanCare entered into an agreement with the USDA to service Plaintiff's mortgage loan and engage in appropriate loss mitigation for the benefit of both the USDA and low-income borrowers, such as Plaintiff. LoanCare is the servicer of the loan that is the subject of this action.

4.  Lakeview Loan Servicing, LLC is the holder of Plaintiff's loan. It has identified Corporation Service Company, located at 808 Greenbrier Street, Charleston, West Virginia, 25387, as its agent authorized to accept service.

5.  Nazanin Mazgani is a California licensed lawyer on information and belief who is doing business as BG Solutions. A website for Mazgani's law office features the same address and suite number as is listed by BG Solutions. BG Solutions accepted payments from Ms. Nuckles with the understanding that BG Solutions would assist with loss mitigation with LoanCare and avoid foreclosure. Neither Mazgani nor BG Solutions are registered to do business in West Virginia. On information and belief, the principal place of business for BG Solutions is 1400 West Olympic Boulevard, Suite 200, Los Angeles, California, 90064.

## STATEMENT OF FACTS

6.  On June 18, 2021, the Plaintiff and her then husband Anthony Olson entered into a Single Family Housing Guaranteed Loan Program ("SFHGLP") mortgage loan to purchase the

Property located at 4573 Chestnut Road, South Charleston, West Virginia. The loan was originated by Gateway Mortgage Group.

7. SFHGLP home loans are offered through the USDA Rural Housing Service to help low-income individuals and families purchase homes in West Virginia.

8. The terms of the SFHGLP mortgage included a loan amount of $166,666.00 financed at 3% for thirty years. The monthly payment of principal and interest is $702.67.

9. Immediately after the closing, the servicing of the Plaintiff's SFHGLP mortgage was assigned to Defendant LoanCare.

10. Anthony Olson struggled with addiction and in 2023 he lost his job.

11. Plaintiff was estranged from Anthony Olson beginning in or around April 2023, and Mr. Olson no longer lived in the home after this time.

12. In the summer of 2024, the Plaintiff began struggling with her mortgage payments.

13. Plaintiff reached out to LoanCare for assistance and submitted a loss mitigation application dated August 31, 2024.

14. LoanCare acknowledged the application was complete on September 24, 2024.

15. (a) By letter dated October 9, 2024, LoanCare notified Ms. Nuckles that her application for loss mitigation was denied.

(b) The form letter did not adequately explain the reasons for denial of several of the options.

(c) For the loan modification option, LoanCare represented that Ms. Nuckles's income was insufficient to support a modified loan payment.

(d)     For several other options, such as repayment agreement and special loan servicing option, the letter stated that the reason for the denial was "Inability to provide program with additional relief."

16.     Despite the letter denying Ms. Nuckles for a repayment plan and a loan modification because of insufficient income, by letter dated October 18, 2024, LoanCare extended a repayment agreement providing for a payment of $909.97 on October 25, 2024, followed by payments of $1,265.58 in November 2024 through March 2025.

17.     The monthly payments under the repayment plan were not sustainable for Ms. Nuckels, who was living on approximately $1,800 a month. Nevertheless, Ms. Nuckles managed to make all payments under the repayment plan except the final payment in March 2025.

18.     Ms. Nuckles again reached out to LoanCare for assistance. LoanCare failed to provide Ms. Nuckles any written notice of denial for loss mitigation options, including loan modification. LoanCare informed Ms. Nuckles by phone that she was not eligible for any loss mitigation options that would modify her monthly payment.

19.     Rather, LoanCare extended another repayment plan, which required Ms. Nuckles to make a $1,300 payment in May 2025, followed by $1,345.38 payments in June through September 2025.

20.     Predictably, Ms. Nuckles could not afford this repayment plan. She made payments in May and June, but her July payment was returned for insufficient funds.

21.     By letter dated July 22, 2025, LoanCare cancelled the repayment plan.

22.     In September 2025 Ms. Nuckles saw a solicitation for BG Solutions. BG Solutions promised Ms. Nuckles a workout on her mortgage in exchange for a monthly payment of $750. Ms. Nuckles was led to believe that BG Solutions would hold her payments, which were a

4

demonstration of good faith and ability to pay her mortgage, and the payments would be applied to her mortgage in connection with a loan modification or other loss mitigation option.

23.    Ms. Nuckles made the $750 payment to BG Solutions in October, November and December 2025.

24.    In December 2025, Ms. Nuckles received a Notice of Foreclosure Sale setting a sale date for January 26, 2026.

25.    Ms. Nuckles contacted BG Solutions and the agent advised her to file bankruptcy.

26.    LoanCare received email correspondence from BG Solutions and knew or should have known that BG Solutions was taking advantage of Ms. Nuckles.

27.    Instead of putting forth a good faith effort to achieve a sustainable payment plan with Plaintiff, as specially contemplated under SFHGLP mortgage loans, LoanCare failed to properly process Plaintiff's requests for appropriate loss mitigation under applicable agreements and guidelines, despite inviting Plaintiff to do so and despite Plaintiff's demonstrated ability to make payments. Instead, Defendant pursued foreclosure.

**Notice of Opportunity to Cure**

28.    By letter dated January 13, 2026, sent certified mail, return receipt requested, Plaintiff advised Defendants of its alleged violations of Chapter 46A, Article Two of West Virginia Code consistent with the requirements set forth in section 46A-5-108 of the West Virginia Code.

29.    Defendant Lakeview, by its registered agent, received the letter on January 15, 2026.

30.    Lakeview forwarded the correspondence to LoanCare, who responded to the correspondence by letter dated January 27, 2026.

31. By letter dated February 24, 2026, sent certified mail, return receipt requested, Plaintiff, by counsel, advised Defendant LoanCare of its alleged violations of Chapter 46A, Article Two of West Virginia Code consistent with the requirements set forth in section 46A-5-108 of the West Virginia Code

32. To date, neither Defendant has made a cure offer.

**Damages**

33. Defendants intend to foreclose on Plaintiff's home on March 5, 2026, without providing Plaintiff with the loss mitigation to which she is entitled.

34. Plaintiff has suffered stress, anxiety, and fear of loss of home as a result of Defendants' conduct.

**CLAIMS FOR RELIEF**

**COUNT I—MISREPRESENTATIONS**
**(LoanCare)**

35. Plaintiff incorporates the previous paragraphs by reference.

36. Defendant LoanCare made deceptive and misleading representations regarding the status of Plaintiff's loan, in an attempt to collect on the loan and/or obtain information from the Plaintiff in violation of W. Va. Code § 46A-2-127. Specifically, Defendant repeatedly misrepresented the loss mitigation options for which she was eligible and the reasons for denying her these options.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a) Actual damages;

(b) A civil penalty for each violation of the WVCCPA pursuant to W. Va. Code §§ 46A-5-101, -106;

(c)     Reasonable attorney's fees and the costs of this action pursuant to W. Va. Code §
46A-5-104; and

(d)     Such other relief as the Court deems equitable and just.

### COUNT II—UNCONSCIONABLE DEBT COLLECTION
### (LoanCare)

37.     Plaintiff incorporates the previous paragraphs by reference.

38.     Defendant's failure to properly consider Plaintiff for loss mitigation, and instead pursing foreclosure despite her demonstrated ability to repay, as alleged herein, amounts to unconscionable debt collection in violation of W. Va. Code § 46A-2-128.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a)     Actual damages;

(b)     A civil penalty for each violation of the WVCCPA pursuant to W. Va. Code §§46A-5-101, -106;

(c)     Reasonable attorney's fees and the costs of this action pursuant to W. Va. Code §
46A-5-104; and

(d)     Such other relief as the Court deems equitable and just.

### COUNT III—BREACH OF CONTRACT
### (LoanCare & Lakeview)

39.     Plaintiff incorporates the previous paragraphs by reference.

40.     Plaintiff and Defendant are parties to a contract—namely, the Deed of Trust.

41.     The Deed of Trust provides Defendant has a non-discretionary duty to consider Plaintiff for alternatives to foreclosure prior to accelerating sums due and foreclosing.

42.     Defendant breached the agreement by wrongfully prolonging Plaintiff's request for payment assistance, and pursuing foreclosure that could have been avoided had Defendant timely

7

and appropriately reviewed Plaintiff for repayment alternatives in accord with the Deed of Trust, industry standards and applicable guidance.

43.     Defendant has a contractual duty to act in good faith in the performance of the contract between the parties such that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the benefit of their contract.

44.     Defendant breached express contractual terms and its contractual duty of good faith and fair dealing as hereinbefore alleged by allowing Plaintiff's indebtedness to unnecessarily accrue and interfering with Plaintiff's duty to perform and right to receive the benefit of the contract by accelerating the loan and pursuing foreclosure without meeting the conditions precedent to acceleration and foreclosure sale set forth in the contract.

45.     Plaintiff was damaged as a result of Defendant's breach of contract.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a)     Appropriate equitable relief, including specific performance on the contract such that the Court enjoin Defendant from conducting a foreclosure sale unless and until it properly considers Plaintiff for loss mitigation assistance;

(b)     Compensatory damages;

(c)     Reasonable attorney fees and the costs of this litigation; and

(d)     Such other relief as this Court deems equitable and just.

### COUNT IV—TORTIOUS INTERFERENCE WITH CONTRACT
### (LoanCare)

46.     Plaintiff incorporates the previous paragraphs by reference.

47.     Plaintiff is party (the Borrower) to a contract (the Deed of Trust) secured by her home—by which Plaintiff is to make monthly payments for the benefit of the loan's owner, and to ensure against foreclosure.

48. Defendant LoanCare intentionally interfered with the contract by unreasonably and in bad faith refusing to properly consider Plaintiff's requests for loss mitigation.

49. Defendant's interference with contract was intentional, wanton, reckless and in bad faith.

50. Plaintiff has suffered harm and damage as the direct result of Defendant's interference with the contract, including the impending loss of her home, loss of equity in the home, worry, and stress.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a) An order enjoining Defendant from proceeding with the foreclosure sale set for March 5, 2026;

(b) Equitable relief, including that the servicer consider Plaintiff for all loss mitigation options to which she is entitled;

(c) Actual damages;

(d) Punitive damages;

(e) Reasonable attorney fees and the costs of this litigation; and

(f) Such other relief as this Court deems equitable and just.

## COUNT V – FRAUD
### (Mazgani d/b/a BG Solitions)

51. Plaintiff incorporates the preceding paragraphs by reference.

52. BG Solutions represented they would assist Plaintiff with avoiding foreclosure in exchange for payments of $750 a month. In fact, BG Solutions induced Ms. Nuckles to tender the payments of $750 a month with the understanding that the payments would be applied to her mortgage as part of a workout that would avoid foreclosure. This was false.

53. Plaintiff reasonably relied on BG Solutions representations that they would avoid the foreclosure on her home.

54. BG Solutions's representations and suppression of fact were intentional and material.

55. Plaintiff was damaged as a result of BG Solutions misrepresentations and suppressions of fact when she faced foreclosure on her home and made payments totaling $2,250.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a) Actual damages;

(b) Punitive damages;

(c) Reasonable attorney fees and the costs of this litigation; and

(f) Such other relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

**Respectfully Submitted,**
**APRIL NUCKLES,**
**By counsel.**

*/s/ Bren J. Pomponio*
Bren Pomponio (WVSB # 7774)
Mountain State Justice, Inc.
1217 Quarrier Street
Charleston, West Virginia 25301
(304) 344-3144
(304) 344-3145 (fax)
*Counsel for Plaintiff*