IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**CHARLESTON DIVISION**

APRIL NUCKLES,

                Plaintiff,

v.                                                          CIVIL ACTION NO.   2:26-cv-00227

LOANCARE, LLC, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff's Motion to Extend Time to Serve Defendant Nazanin Magnazi d/b/a BG Solutions, [ECF No. 14]. For the reasons stated below, the motion is **GRANTED**.

Plaintiff initiated this action with the filing of her Complaint in the Circuit Court of Kanawha County, West Virginia on February 25, 2026. [ECF No. 14, at 1]. On February 27, 2026, Plaintiff served Defendants Loancare, LLC ("Loancare") and Lakeview Loan Servicing, LLC ("Lakeview"). [ECF No. 1 ¶¶ 2–3].

Plaintiff also attempted service on Defendant Nazanin Magnazi d/b/a BG Solutions ("BG Solutions") on February 25, 2026, at 1400 West Olympic Boulevard, Suite 200, Los Angeles California 90064. *Id.* ¶ 4; *see also* [ECF No. 14 ¶ 3]. That address proved incorrect, and the Summons and Complaint were returned undeliverable on March 23, 2026. [ECF Nos. 1 ¶ 4, 1-1].

On March 27, 2026, Defendants Loancare and Lakeview removed the action to this court. [ECF No. 1]. At the time of removal, Defendant BG Solutions had not been served, and service has not since been perfected.

According to Plaintiff's motion, "Nazanin Magnazi is an attorney, on information and belief, who is licensed and practicing in southern California. Plaintiff's [sic] attempted to serve Magnazi at an address listed on the law firm's website." [ECF No. 14 ¶ 3]. "However, due to a typographical error, the mailing was sent to 1400 W. Olympic Boulevard rather than 11400 W. Olympic Boulevard." *Id.* Plaintiff further explains that "[t]he incorrect address was a scrivener's error, which was subsequently overlooked by counsel." *Id.* ¶ 4.

Where a case is removed from a state court to a federal district court and a defendant was not served with process prior to removal, 28 U.S.C. § 1448 provides that "such service or process may be completed or new service issued in the same manner" as in any case originally filed in a federal district court. 28 U.S.C. § 1448. Because federal courts lack authority over service of process prior to removal, the filing of a notice of removal brings the action under the Federal Rules of Civil Procedure. Accordingly, Federal Rule of Civil Procedure 4(m) and § 1448 operate together to provide a plaintiff with 90 days following removal to perfect service upon an unserved defendant in accordance with the applicable Federal Rules of Civil Procedure. *Viars v. Greenbrier Minerals, LLC*, No. 5:15-cv-15410, 2016 WL 4746206, at *1 (S.D. W. Va. Sep. 12, 2016) (Berger, J.); *see also* Fed. R. Civ. P. 81(c). Thus, without extension, Plaintiff would have June 25, 2026, to serve Defendant BG Solutions.

Rule 4(m) also requires a court to "extend the time for service for an appropriate period" if the plaintiff demonstrates "good cause" for the failure to effectuate timely service. Fed. R. Civ. P. 4(m). The Fourth Circuit has made clear that although good cause necessitates an extension of the service period, "a district court possesses discretion to grant the plaintiff an extension of time

2

to serve a defendant with the complaint and summons even absent a showing of good cause." *Gelin v. Shuman*, 35 F.4th 212, 219 (4th Cir. 2022).

"'Good cause' requires a 'showing of diligence on the part of the plaintiffs.'" *Id.* at 218 (quoting *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019)). Consistent with that principle, courts generally find good cause where a plaintiff's failure to effect timely service results from circumstances beyond the plaintiff's control, such as a defendant's evasion of service. *Id.* But "significant periods of inactivity" and a failure to seek an extension before the service deadline expires "tend to undercut any claim of good cause." *Id.* (internal quotation marks omitted); *see also* 4B Charles Alan Wright, Arthur R. Miller & Adam N. Steinman, Federal Practice and Procedure § 1137 (4th ed. 2015) (explaining that courts evaluating good cause under Rule 4(m) have routinely "rejected excuses based on . . . ignorance of the rule, the absence of prejudice to the defendant, . . . inadvertence of counsel, or the expenditure of efforts that fall short of real diligence by the serving party").

Here, I conclude that Plaintiff has not established good cause. The failure to effect service resulted from a typographical error in the address used for service and counsel's subsequent failure to identify and correct that error after the mailing was returned as undeliverable. The record reflects that the Summons and Complaint were returned to sender on March 23, 2026, and were likewise reflected as undeliverable on the Secretary of State's website on March 24, 2026. [ECF No. 1-1]. In addition, the tracking information documenting the failed delivery was attached as an exhibit to the Notice of Removal. *Id.*

Accordingly, Plaintiff had notice that service had failed and possessed information sufficient to identify the addressing error well before seeking an extension of time. Despite that

notice, counsel did not promptly take corrective action. While I accept that the initial mistake was inadvertent, counsel's failure to recognize and remedy that error after clear notice of the failed delivery reflect inattention rather than good cause under Rule 4(m).

Nevertheless, I find that a discretionary extension is warranted. Plaintiff attempted service shortly after filing, and the failure resulted from an incorrect address rather than a failure to pursue service. Defendant BG Solutions had not been served at removal, and Plaintiff filed this motion before the June 25, 2026 Rule 4(m) deadline expired. I further find that a brief extension will not prejudice any defendant or disrupt the Scheduling Order. Under these circumstances, a limited extension is appropriate.

Accordingly, Plaintiff's Motion, [**ECF No. 14**], is **GRANTED**. Plaintiff shall serve Defendant Nazanin Magnazi d/b/a BG Solutions in accordance with the Federal Rules of Civil Procedure **on or before July 13, 2026**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:       June 12, 2026

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

4